**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4330**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MONICA L. AMAKER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Chief District Judge.  (2:05-cr-00149)

Submitted:  April 26, 2007          Decided:  April 30, 2007

Before WILLIAMS, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy P. Lupardus, Pineville, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Charleston, West Virginia, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Monica L. Amaker was convicted of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute morphine, in violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute marijuana for remuneration, in violation of 21 U.S.C. § 841(a)(1), carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2006), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000) and 18 U.S.C.A. § 924(a)(2) (West 2000 & Supp. 2006). The district court sentenced Amaker to 300 months in prison. Amaker timely appealed, asserting that the district court erred by denying her motion to suppress the drugs and firearm seized when police officers conducted an investigatory stop.

Amaker asserts that the district court should have suppressed the evidence because the officers lacked reasonable suspicion to stop her. We disagree. Under Terry v. Ohio, 392 U.S. 1 (1968), "an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry, 392 U.S. at 30). A court reviewing whether officers had reasonable suspicion at the time of the stop considers the totality of the

circumstances and does not evaluate the factors in isolation from each other.  United States v. Arvizu, 534 U.S. 268, 273-74 (2002).

In this case, officers were patrolling a high crime area when they spotted a man counting money in an alley on one side of a bar and grill.  They suspected that a drug transaction either had just occurred or was imminent.  While one officer approached the man, another officer saw Amaker in the back of an alley on the opposite side of the bar and grill.  The officer was in plain clothes but had his badge fully displayed from a chain around his neck.  When Amaker saw him, she uttered an expletive and began running away behind the restaurant toward the other alley.  Two more officers, alerted that Amaker was fleeing, gave chase and apprehended her.

Reasonable suspicion requires more than a hunch but less than probable cause and may be based on the collective knowledge of officers involved in an investigation.  Wardlow, 528 U.S. at 123; see also United States v. Hensley, 469 U.S. 221, 232 (1985).  A suspect's presence in an area known for criminal activity, while insufficient by itself to justify a Terry stop, is a relevant factor in determining reasonable suspicion, as are other factors such as flight upon noticing the police.  Wardlow, 528 U.S. at 124; United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993).

Under the circumstances of this case, we find no error in the district court's conclusion that the officers had sufficient articulable suspicion to stop Amaker.  See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992) (providing standard).  Amaker

argues that there were legitimate reasons for a woman such as herself to flee from an approaching male as she stood with a Luis Vuitton purse in a dark alley in a high crime area.  However, there were also non-legitimate reasons for such a person to flee, and the Constitution permits officers to take ambiguous behavior into account in determining whether reasonable suspicion to conduct a <u>Terry</u> stop exists.  <u>See</u> <u>Wardlow</u>, 528 U.S. at 125-26; <u>United States v. Smith</u>, 396 F.3d 579, 583-85 (4th Cir.), <u>cert. denied</u>, 545 U.S. 1122 (2005). Accordingly, we affirm Amaker's convictions.  We grant Amaker's motion to file an oversized joint appendix and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>